EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Marcelino Meléndez La Fontaine | 2016 TSPR 21<br><br>194 DPR ____ |

Número del Caso: TS-4,350

Fecha: 14 de enero de 2016

Programa de Educación Jurídica Continua

      Hon. Geisa Marrero Martínez
      Directora Ejecutiva

Materia: Conducta Profesional – La suspensión será efectiva el 25 de enero de 2016, fecha en que se le notificó al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*<br><br>Marcelino Meléndez La Fontaine | TS-4,350 | |

RESOLUCIÓN

San Juan, Puerto Rico, a 14 de enero de 2016

El Lcdo. Marcelino Meléndez La Fontaine fue admitido al ejercicio de la abogacía el 3 de enero de 1973. El 29 de enero de 2015, la Directora del Programa de Educación Jurídica Continua (PEJC), Lcda. Geisa M. Marrero Martínez, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe), en el que detalló que el licenciado Meléndez La Fontaine no había cumplido con los requisitos del PEJC durante el periodo del 1 de mayo de 2009 al 30 de abril de 2011. En su Informe, la Directora del PEJC informó que le había cursado un Aviso de Incumplimiento al licenciado el 23 de junio de 2011 otorgándole a éste sesenta (60) días adicionales para tomar los cursos y que, transcurrido un término razonable para el cumplimiento, el PEJC envió al licenciado una citación para una vista informal.

Luego de que el licenciado Meléndez La Fontaine no compareciera a la referida vista, el 13 de agosto de 2014, el PEJC le cursó otra misiva, informándole que se le concedía un término de treinta (30) días para subsanar las deficiencias del periodo de incumplimiento. En ésta se le apercibió, además, que su caso podría ser referido a este Tribunal de incumplir con los requerimientos dentro del término concedido. Posteriormente, el 14 de octubre de 2014, la Junta de Educación Jurídica Continua (Junta) emitió una resolución mediante la cual le concedió un término final de treinta (30) días al licenciado Meléndez La Fontaine para cumplir con los requisitos del PEJC correspondientes al periodo de 2009-2011 y presentar evidencia de tal cumplimiento. En la alternativa, se le informó al licenciado que podría presentar, dentro del término concedido, una comunicación escrita en la que justificara su incumplimiento.

Así las cosas, el licenciado Meléndez La Fontaine envió una comunicación al PEJC el 29 de octubre de 2014. En ésta, sostuvo que estaba en proceso de retirarse de la profesión legal debido a su edad y estado de salud. Indicó que, a su entender, había cumplido con los requisitos del PEJC y que había estudiado varias fuentes de Derecho por

cuenta propia. En atención a ello, solicitó un término adicional de treinta (30) días para acreditar su cumplimiento. El 31 de octubre de 2014, el PEJC le informó al licenciado Meléndez La Fontaine que no estaba en posición de hacer una determinación distinta a la contenida en la Resolución emitida por la Junta. También, se le apercibió que, en la eventualidad de que su caso fuese referido a este Tribunal, se incluiría información relacionada con incumplimiento con los requisitos del PEJC para periodos posteriores al 2009-2011.

Evaluado el Informe presentado por la Directora del PEJC, el 17 de febrero de 2015, este Tribunal emitió una Resolución en la que se le concedió al licenciado Meléndez La Fontaine un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por su incumplimiento con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. El 16 de marzo de 2015, el licenciado Meléndez La Fontaine compareció para informar que había contestado todas las comunicaciones del PEJC pero que, por razones de salud, se había visto imposibilitado de asistir a la vista para la cual fue citado. Expuso, además, que había tomado varios cursos de educación jurídica continua y que estaba en espera de un informe con los cursos y créditos aprobados. Por último, señaló que, luego de estudiar el Reglamento del PEJC, se había percatado de que le aplicaban varias de las excepciones contempladas en éste.[1] Por tal razón, solicitó a este Tribunal que le concediera un término de noventa (90) días para reunirse con un oficial del PEJC y realizar los trámites correspondientes.

Evaluada la moción presentada por el licenciado Meléndez La Fontaine, el 13 de abril de 2015, este Tribunal emitió una Resolución mediante la cual tomó conocimiento de la información provista y le concedió al licenciado Meléndez La Fontaine el término de noventa (90) días solicitado para acreditar su cumplimiento con los requisitos del PEJC.

Transcurrido el término de noventa (90) días, el 18 de noviembre de 2015, este Foro emitió una resolución concediéndole al licenciado un término final e improrrogable de quince (15) días para comparecer y mostrar causa por la cual no debía ser suspendido del ejercicio de

---

[1] Específicamente, sin hacer referencia directa al Reglamento, el licenciado Meléndez La Fontaine aludió a las siguientes excepciones: "(a) Le está prohibido por ley practicar como profesional del Derecho[;] (b) sirve en otro comité o junta que el Tribunal Supremo determine debe estar relevado, [y] (c) ha visto varios casos como abogado de oficio." *Moción de 16 de marzo de 2015*, en la pág. 2.

la profesión. El 10 de diciembre de 2015, el licenciado compareció mediante moción, reiterando los planteamientos esbozados en su comparecencia anterior y solicitando un término de seis (6) meses para culminar su representación legal en tres (3) casos pendientes ante los foros primarios. En su moción, el licenciado informó que, transcurridos esos seis (6) meses, se daría de baja de la profesión legal permanentemente. No obstante, nada dispuso con relación a los trámites realizados para asegurar el cumplimiento con los requisitos del PEJC, salvo una aseveración relacionada con la exención que le debía aplicar. Así, adujo que formaba parte del "comité de evaluación de jueces".

Evaluada la *"Moción"* presentada por el licenciado Meléndez La Fontaine, y habida cuenta de que: (1) el licenciado no funge como integrante de la Comisión de Evaluación Judicial de este Tribunal, y que (2) ha transcurrido el término de noventa (90) días que le fue concedido inicialmente para cumplir con los requisitos del PEJC, se provee *no ha lugar* a la misma.

Consiguientemente, se ordena la suspensión inmediata e indefinida del licenciado Meléndez La Fontaine del ejercicio de la abogacía en nuestra jurisdicción. Esto, por su reiterado incumplimiento con los requisitos del PEJC y su renuencia a acatar lo dispuesto por este Tribunal mediante el uso de subterfugios altamente cuestionables. En caso de que el licenciado Meléndez La Fontaine esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente resolución.

Notifíquese personalmente y publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo